IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JODY RAY HENRY, #16893 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv233 |
| RUDY FLORES-SHERIFF | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jody Ray Henry, a pretrial detainee confined in the Anderson County Jail, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Petitioner is challenging his pretrial detention in Cause No. DCCV-23-3953-3 filed in Anderson County, Texas. Petitioner claims that: (1) he was arrested without probable cause, (2) he was arrested without a search or an arrest warrant, (3) he was arrested in another jurisdiction in a private residence by two Anderson County sheriff's deputies who were outside their jurisdiction, (4) he has not had an arraignment hearing before a Magistrate Judge, and (5) he has not been read his *Miranda* rights. Petitioner is being held on a charge of assault of a family/household member by impeding the breath or circulation of the family member. He is seeking dismissal of the charges and immediate release from jail.

Section 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" is the proper vehicle for seeking habeas relief from pretrial detention. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th

Cir. 1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). "[T]o be eligible for habeas relief [under 28 U.S.C. § 2241, however], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson*, 816 F.2d at 224. The exhaustion requirement for § 2241 was "judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019) (citing *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001) and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)), *rec. adopted by* 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exhaustion may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)), *rec. adopted by* 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters*, 985 F.2d at 795. In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge his pretrial detention, a detainee must "first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis,* 2019 WL 5698802, at *2 (citing TEX. CODE CRIM. P. art. 11.08 (West 2008) and *Cotton v. Jefferson Cnty.*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). He may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn,

subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson*, 762 F.2d at 431-32; *Tipton v. Thaler*, 354 F. App'x 138, 140 n.1 (5th Cir. 2009).

Here, Petitioner has not pursued relief in state court for his habeas claims. Because he has not presented them to the Texas Court of Criminal Appeals, that court has not had an opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court

may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

In this case, reasonable jurists could not debate the denial of Petitioner's § 2241 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to any of his claims.

<u>Recommendation</u>

It is recommended that the above-styled petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state habeas corpus remedies. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of May, 2023.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE